United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT KELLAM, | No. C 06-2513 MHP (pr) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| MIKE EVANS, warden, | |
| Respondent. | |

### INTRODUCTION

Vincent Kellam filed this pro se action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge the execution of his sentence. Respondent has moved to dismiss the action as time-barred. Kellam has opposed the motion. The court finds that the petition was not timely filed and therefore will grant the motion and dismiss the action. In light of the dismissal, the court will deny petitioner's later-filed motion for a stay and to amend.

### BACKGROUND

Kellam is in custody apparently serving sentences on a 1990 conviction for discharging a firearm from a moving vehicle at a person, a 1991 conviction for assault on a prisoner, and a 1992 conviction for battery on a non-prisoner. He received sentences totalling 21 years and eight months for these crimes. He does not challenge any of the convictions but instead challenges prison officials' refusal to restore time credits previously forfeited as a result of his in-prison misconduct.

As relevant here, the disciplinary regulations work as follows: When a prisoner misbehaves in prison, prison officials can issue a CDC-115 rule violation report. A hearing

is held and, if the prisoner is found guilty, the discipline imposed may include a forfeiture of good conduct time credits the prisoner has earned toward completion of his sentence. The regulations also allow prison officials to restore some or all of the time credits previously forfeited if the prisoner behaves himself of a specified period of time. Here, Kellam doesn't challenge the disciplinary decisions that led to the credit forfeitures in 1991-1995 and instead challenges the prison officials' refusal restore those credits to the extent he believes he was entitled.

Kellman claims that the application of certain regulations regarding the restoration of forfeited time credits violated his rights under the Ex Post Facto Clause because those regulations, amended effective January 1, 1996, reduced the amount of forfeited time credits that could be restored for his pre-1996 conduct.

Kellam received a partial restoration of forfeited time credits in 2001. He applied for further restoration of forfeited time credits in 2004. That request was denied on June 1, 2004. He filed an inmate appeal and state habeas petitions challenging the 2004 decision before filing this action. A chronology of events will aid the understanding of the timeliness issue:

| | |
|---|---|
| 1991 - 1994 | Kellam commits five Division A and B offenses for which he loses 1380 days of time credits (i.e., 360 + 150 + 150 + 360 + 360 days). |
| 9/24/95 | Kellam commits a Division D offense for which he loses 90 days of time credits. |
| 11/14/95 | Kellam commits a Division D offense for which he loses 90 days time credits. |
| 1996 | CDC regulations are amended to limit the amount of credits that could be restored if inmate commits a Division A or B offense or is found guilty of another disciplinary offense during required disciplinary-free period. |
| 1999 | CDC officials issue interpretive memorandum regarding restorations of forfeited credits. |
| 2001 | Kellam applies for restoration of time credits lost in 1991-1994 based on his disciplinary free period of 4/24/94 - 9/24/95. |

2

| | |
|---|---|
| 2001 | CDC committee grants partial restoration of time credits lost in 1991-1994, restoring 420 of 1380 days forfeited. |
| 5/30/04 | Kellam applies for further credit restoration of the time credits lost for 1991 - 1994 offenses and the time credits lost for the 9/24/95 offense based on second disciplinary-free period of 11/14/95 - 4/16/97. |
| 6/1/04 | Prison officials deny Kellam's application for further credit restoration. |
| 6/6/04 | Kellam files inmate appeal regarding 6/1/04 decision. |
| 2/4/05 | Kellam's inmate appeal of 6/1/04 decision is denied at Director's level. |
| 3/17/05 | Kellam files first state habeas petition in Superior Court |
| 2/22/06 | California Supreme Court denies Kellam's habeas petition. |
| 4/6/06 | Kellam files federal petition. |

## DISCUSSION

A.   Habeas Statute Of Limitations

Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which:  (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).

The one-year limitations period will be tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  The limitations period also can be equitably tolled upon a showing of extraordinary circumstances beyond a petitioner's control which prevented him from timely filing the petition.  See Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997) (equitable tolling will not be

3

1 available in most cases because extensions of time should only be granted if extraordinary
2 circumstances beyond prisoner's control make it impossible for him to file petition on time),
3 cert. denied, 523 U.S. 1061, 1099 (1998), overruled in part on other grounds by Calderon v.
4 United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc), cert. denied, 526
5 U.S. 1060 (1999).

A habeas petition by a state prisoner challenging a decision of an administrative body, such as prison officials' rejection of his request for credit restoration, is covered by the statute and the limitations period starts to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(D); Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th Cir. 2003); see also Redd v. McGrath, 343 F.3d 1077, 1081-82 (9th Cir. 2003). In both Shelby and Redd, the limitations period was determined to run from the date on which the prisoner received notice of the denial of his administrative appeal.

B.   Kellam's One-Year Limitations Period Began in 2001

Here, the factual predicate or basis of Kellam's claim was known to him or could have been discovered through the exercise of diligence in 2001, when he received only a partial restoration of time credits by the Institutional Classification Committee ("ICC"). The ICC's memorandum dated October 19, 2001, stated:

> Inmate Kellem appeared before the MCSP Institutional Classification Committee this date for a Program Review. His case was a referral from the Facility A UCC with a recommendation to restore several CDC-115 credit losses. His file has been thoroughly reviewed and he is eligible for restoration of several CDC-115's. *During ICC he requested consideration for any credit he was eligible for. ICC informed him he would be granted credit restoration for all restorable CDC-115's.* Taking the above into consideration, ICC acts to restore the following CDC-115's: CDC-115 dated 1-2-91, 25% for 90 days; CDC-115 dated 7-22-91, 50% for 75 days; CDC-115 dated 12-24-91, 50% for 75 days; CDC-115 dated 6-16-93, 25% for 90 days; CDC-115 dated 3-7-94, 25% for 90 days; CDC-115 dated 11-20-97, 100% for 15 days; and CDC-115 dated 9-7-98, 100% for 30 days. *These are the only credit losses he is eligible for restoration of lost credit.* He actively participated in the committee action stating he has no medical or mental health concerns and that he understood and agreed with the decision rendered. He was advised of his right to appeal.

Petition, Exh. D. Kellam does not claim that he did not learn of the 2001 decision when it

4

happened. Notwithstanding the limited restoration of credits, he did not pursue the matter further in 2001 by inmate appeal or state habeas petition. Instead, he waited until May 2004 to make a renewed effort to have more of his lost credits restored. See Petition, Exh. E.

The limitations period did not start in 2004, when his renewed requests for credit restoration were rejected. In 2004, Kellam requested restoration of credits lost on six prior occasions; five of those requests were rejected because the credits had been "previously restored by ICC on 10/19/01." Id. The sixth request for restoration of lost credits was for the September 24, 1995 credit forfeiture of 90 days, and was rejected because he had received a CDC-115 on November 14, 1995, which was within the required disciplinary-free period. Id. Unlike in 2001, after his efforts to obtain further restoration of credits were rejected in 2004, Kellam pursued the matter, filing an inmate appeal and state habeas petitions as well as the current action.

Notwithstanding the fact that Kellam did not pursue the matter after obtaining only partial restoration of credits in 2001, the factual predicate of his claim that the CDC failed to restore all credits to which he was entitled was known or could have been discovered through the exercise of due diligence in 2001. All of his time credit forfeitures in question occurred no later than 1995. And the disciplinary-free periods that he had that allegedly created his entitlement to restoration of the forfeited credits occurred no later than April 1997. The change in the law that he urges caused the ex post facto problem occurred in 1996. Thus, when the ICC considered the matter in 2001, noting that Kellam "requested consideration for any credit he was eligible for" and the "ICC informed him he would be granted credit restoration for all restorable CDC-115's" and then granted only partial restoration of the forfeited credits, Kellam had all the facts he needed to pursue his claim. Because Kellam did not appeal or seek collateral relief in 2001, the ICC committee decision date of October 19, 2001, is analogous to the administrative appeal denial that was the starting date in Redd and Shelby.

5

1    The denial of the administrative appeal in 2004 is not the relevant starting date
2 because Kellam had all the facts he needed to pursue his claim in 2001. This court is not the
3 first to note the extreme delay and to view the 2004 application and appeal as a repeat of the
4 2001 application. The second level inmate appeal review determined that Kellam had
5 already received all the restoration he was entitled to on October 19, 2001, the director's
6 level appeal decision stated that Kellam "had ample time to submit an appeal if he disagreed
7 with the ICC decision [on October 19, 2001.] The appellant is attempting to circumvent the
8 time constraints by filing for restoration of credit in 2004 then appealing the denial of the
9 requests." Petition, Exh. G. The Kings County Superior Court noted the absence of any
10 explanation for filing a habeas petition until 2005 for conduct that occurred no later than
11 1997. Petition Exh. G. The California Supreme Court also rejected the petition with
12 citations that indicated a rejection for unjustified delay. Petition Exh. I.

13 C.    No Tolling Of The Limitations Period For Kellam

14    Kellam relies heavily on the fact that he did not personally receive a copy of the
15 prison officials' 1999 interpretive memorandum concerning the regulations and court cases
16 on credit restoration until after his inmate appeal was filed in 2004 to excuse his delay. The
17 argument is a red herring. The ex post facto claim has no relationship to the receipt of the
18 memorandum. The non-disclosure of that document was not an unconstitutional state action
19 that impeded Kellam from filing his petition, such that § 2244(d)(2) would provide a later
20 starting date for the limitations period. And it was not an extraordinary circumstance beyond
21 his control that prevented Kellam from filing his petition that would require equitable tolling
22 of the limitations period. The accrual of a claim that a regulatory amendment violated the Ex
23 Post Facto Clause does not depend on a state court's determination in another case that such
24 a constitutional violation occurred and does not depend on prison officials' telling him about
25 the case. If the amendment to the regulation violated the Ex Post Facto Clause, the violation
26 took place when the amended regulation was applied to Kellam. Kellam did not need a

California court or a federal district court to rule that an ex post facto violation had occurred – his claim was not dependent on such a ruling and would exist regardless of whether or not other courts had found the application of the amended regulation to be an ex post facto violation. His claim also did not depend on his knowledge of the 1999 memorandum, as shown by the fact that he didn't learn of it until after he made his application in 2004 for further credit restoration. Finally, although Kellam discusses the memorandum extensively, it still isn't clear what the relevance of it is and he hasn't explained whether the memorandum is correct or incorrect.

Kellam also urges that his delay should be excused because respondent failed to show any prejudice from his delay. This argument goes nowhere, as a party need not show prejudice to assert a statute of limitations defense.

Kellam's claim accrued in October 2001 when he asked for restoration of all credits to which he was entitled and was only given a partial restoration of credits. No other relevant events took place in the next several years. He filed renewed requests in 2004, but by then already had known for about 2-1/2 years how the ICC had ruled on his request in 2001. He could not revive his already time-barred claim by reasserting it in a later prison request and inmate appeal in 2004 any more than he could revive it by making a new request for further restoration based on the 1991-1997 events next year.

Kellam's claim accrued in October 2001 and he did not file his federal habeas petition until April 2006, many years after the expiration of the one-year limitations period. He will not be allowed statutory tolling under § 2244(d)(2) for the pendency of his state habeas petitions in 2005 and 2006 because the limitations period had already ended. Section 2244(d)(2) cannot "revive" the limitation period once it has run and can only serve to pause a limitations period that has not yet fully run. "Once the limitations period is expired, collateral petitions can no longer serve to avoid the statute of limitations." Rashid v. Kuhlmann, 991 F. Supp. 254, 259 (S.D.N.Y. 1998). He also has shown no basis for

equitable tolling of the limitations period. This action was filed after the one-year limitations period expired and is barred by 28 U.S.C. § 2244(d).

## CONCLUSION

Respondent's motion to dismiss the petition is GRANTED. (Docket # 5.) The petition is dismissed because it was not filed by the deadline in 28 U.S.C. § 2244(d). In light of the dismissal of this action as untimely, petitioner's motion for a stay and to amend his petition is DENIED as moot. (Docket # 8.) The clerk shall close the file.

IT IS SO ORDERED.

DATED: May 18, 2007

Marilyn Hall Patel
United States District Judge

8